**IN RE: TESCO PLC SECURITIES LITIGATION**

**MDL No. 2680**

United States Judicial Panel on Multidistrict Litigation, MULTIDISTRICT LITIGATION.

Feb. 2, 2016

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Lewis A. Kaplan, Ellen Segal Huvelle, R. David Proctor, Catherine D. Perry, Judges of the Panel.

* Judge Charles R. Breyer took no part in the decision of this matter.

1. These defendants are Philip Clarke, Laurie McIlwee, and Sir Richard Broadbent.

**ORDER DENYING TRANSFER**

Sarah S. Vance, Chair

**Before the Panel:*** Common defendant Tesco PLC (Tesco) moves under 28 U.S.C. § 1407 to centralize the seven actions listed on the attached Schedule A in the Southern District of New York. Six of the actions are pending in that district, and have been consolidated for all purposes. The seventh action (*Western & Southern*) is pending in the Southern District of Ohio.

The individual defendants in the consolidated New York action, who are former Tesco officers and/or directors, support centralization in the Southern District of New York.[1] The *Western & Southern* plaintiffs oppose centralization.

On the basis of the papers filed and the hearing session held, we deny Tesco's motion. We recognize that the subject actions share factual issues arising from allegations of a massive accounting scandal at Tesco—in particular, allegations that the United Kingdom-based company artificially inflated its profits through various improper accounting practices. But the litigation consists, in reality, of just two actions – the consolidated New York action and the *Western & Southern* action. More importantly, the New York action appears to be nearing its conclusion, as a proposed class settlement was given preliminary approval on December 30, 2015, and a fairness hearing is scheduled for April 21, 2016. If that settlement obtains final approval, only the *Western & Southern* action will remain, as the proposed settlement in the New York action expressly excludes the *Western & Southern* plaintiffs. We have denied centralization in similar circumstances,[2] and see no rea-

2. *See, e.g., In re: JPMorgan Chase Bank, N.A., Mortgage Corp. Force–Placed Hazard Ins. Litig.,* 959 F.Supp.2d 1372, 1373 (J.P.M.L.2013) (denying centralization in light of imminent filing of motion for preliminary approval of nationwide class settlement).

son to reach a different result here. Although Tesco argues that the settlement might not receive final approval, that conditions of the settlement might not be met, and that there might be opt-outs who will file new actions, those arguments are, at best, speculative.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2680 — **IN RE: TESCO PLC SECURITIES LITIGATION**

*Southern District of New York*

*IN RE TESCO PLC SECURITIES LITIGATION,* C.A. No. 1:14–08495

*BUGGS v. TESCO PLC, ET AL.,* C.A. No. 1:14–08696

*SUNRISE SQUARE CAPITAL, LP v. TESCO PLC, ET AL.,* C.A. No. 1:14–09378

*CHESTER COUNTY EMPLOYEES RETIREMENT FUND v. TESCO PLC, ET AL.,* C.A. No. 1:14–09757

*DAVIDSON v. TESCO PLC, ET AL.,* C.A. No. 1:14–09927

*ALSAR LTD. PARTNERSHIP v. TESCO PLC, ET AL.,* C.A. No. 1:14–10020

*Southern District of Ohio*

*WESTERN & SOUTHERN LIFE INSURANCE COMPANY, ET AL. v. TESCO PLC,* C.A. No. 1:15–00658